UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| DESIREE WALKER, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-0098 |
| § | |
| J.P. MORGAN SECURITIES, ET AL., § | |
|    *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, pro se, filed a form Complaint for a Civil Case appearing to allege theft of her inheritance after her father's death by J.P. Morgan Securities, American General Insurance Company, Hattie Walker, and a Chase Bank teller named Roxanne Vela.[1]  ECF 1.  Plaintiff has neither paid the $402 fee for filing a case in federal court nor filed a petition to proceed in forma pauperis due to her inability to pay.  However, instead of ordering Plaintiff to either pay the fee or file a properly supported application to proceed in forma pauperis under 28 U.S.C. 1915, the Court recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction. ECF 18.

A court should dismiss a case sua sponte if it discovers that it lacks subject matter jurisdiction.  *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).  Plaintiff asserts subject matter jurisdiction based on diversity of citizenship.  ECF 1 at 3.  In order to have diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff must be a citizen of a different state than all Defendants.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (explaining that complete diversity "requires that all persons on one side of the controversy be citizens of different states than all

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

persons on the other side" (citation omitted)).  However, Plaintiff, a resident of Texas, has sued two Texas residents, Hattie Walker and Roxanne Vela.  ECF 1 at 1-2.  She also alleges that J.P. Morgan Securities is incorporated in Texas, and a corporation is a citizen of the state of incorporation.  ECF 1 at 4; *Harvey*, 542 F.3d at 1079.  Therefore, the face of the Complaint reveals a lack of complete diversity of parties. *See Tsolmon v. U.S.*, Civil Action No. H-13-3434, 2015 WL 5093412, at *5 (S.D. Tex. Aug. 28, 2015) (holding plaintiff bears the burden to establish jurisdiction, which the court may determine from the face of the complaint (citations omitted)).  Further, the allegations in the Complaint cannot be liberally interpreted to assert any cause of action arising under federal law, and thus no federal question jurisdiction exists under 28 U.S.C. § 1333.

For these reasons, the Court RECOMMENDS that this case be dismissed without prejudice for lack of subject matter jurisdiction.  *See Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017) (dismissal for lack of subject matter jurisdiction is without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 27, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge